IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONIO TATUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:12CV95-MEF |
| | ) |
| MONTGOMERY COUNTY | ) |
| DETENTION FACILITY, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Antonio Tatum, proceeding *pro se* and *in forma pauperis* in this action, asserts civil rights claims against the "Montgomery County Detention Facility." The court stayed service of process in this action pending its evaluation of an amended complaint which the court had directed plaintiff to file. (Doc. # 2). Upon review of plaintiff's complaint, as amended on March 7, 2012 (Doc. ## 1, 7), the court concludes that dismissal of this action is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

**Background**

Plaintiff commenced this action on January 31, 2012, with a complaint that alleged no facts other than that the Montgomery County Detention Facility violated his civil rights by "rape" in "2004, 2005, 2006, 2007, 2008, 2009, 2010." (Complaint, ¶¶ 3-5). By order

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

entered on February 2, 2012, the court advised plaintiff that his complaint failed to state an actionable claim and allowed him until February 14, 2012, to allege specific facts in support of his claims.  On February 13, 2012, plaintiff filed a motion seeking a subpoena directing the defendant to "release all arrested dates, cases, and release dates from Dec 2003 till 2010, and also all videos where I where housed so I can name all the Gaurds was involved and so I can be more specific if facts of allegations." (Doc. # 5). The court declined to allow plaintiff's request for discovery, concluding that the plaintiff at a minimum should know why he is suing the Montgomery County Detention Facility, when and why he was incarcerated there, when the incidents forming the basis for his lawsuit occurred (more specifically than sometime during the years between and including 2004 and 2010), who – by description, if not by name – was involved in the alleged rape(s), and what occurred on each occasion.

   The court allowed plaintiff additional time to file an amended complaint to allege the facts that he contends entitle him to relief.  The court directed plaintiff to describe the events giving rise to his claims, including: (1) the specific date(s) on which the event(s) occurred, or the approximate dates (including month and year), if plaintiff does not know the precise dates; (2) why plaintiff was at the detention facility and whether he was being detained there pursuant to a criminal sentence at the time of the event(s); (3) who was involved in each event giving rise to plaintiff's claims and what he or she did on each particular occasion – by description if plaintiff does not know an individual's name; and (4) why Montgomery County is liable for the acts forming the basis for plaintiff's claim. The court advised plaintiff

2

that, if he failed to amend his complaint as directed by the court, this action may be dismissed. (Doc. # 6).

In an amended complaint filed on March 7, 2012, plaintiff provides the following statement of the facts giving rise to his claim:

> I had got arrested for a property crime in Dec 2003; this was the first time I was in the Montgomery County Detention facility. I received Y.O.A. for them charges in got releast May 2004. I stayed in jail for about 4 or 5 months Doing that stay I was raped multiple of times. I was knock out on some kind of controlling substances so I couldn't fight back or scream and when I woke up I was sore and bleeding. They knew I was going to report this when I got out so they imtraped me with a [illegible] car that cause me to violate my probation and got me send to prison when I got lock back up they raped me again multiple of times and also when I went to Alabama Department of Corrections. I believe they where trying to stop me from telling by trying to turn me out. I was arrested after that a couple more times  I believe the Montgomery County Detention facility was responsible for the arrestes "imtrapment" I was raped by Montgomery County Detention facility Guards doing all incarcerations nearly everday when I was in the facility. I was raped doing all incarcerations and charges.

(Doc. # 7, p. 2). Aside from the dates of his first incarceration in the Montgomery County Detention Facility, plaintiff gives no indication of when he was in the facility, except for the range he provides for the "Date of alleged violation of civil rights" of "March 2004 - 2010." (Id., p. 1, ¶ 4).

## Discussion

Plaintiff seeks monetary damages in this action. (See Complaint, Doc. # 1, ¶ 6)(for "[r]elief requested[,]" stating "Compensation; I need to talk to a lawyer first; but its over 75,000"). He sues a single defendant, the "Montgomery County Detention Facility."

3

(Complaint, Doc. # 1; and Amended Complaint, Doc. # 7). The physical facility is not a legal entity subject to suit. Construing plaintiff's complaint liberally, as one brought against the legal entity responsible for the jail, plaintiff's claims are barred by the Eleventh Amendment and, thus, his claims are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

As a matter of Alabama law, responsibility for a county jail is bifurcated, with the county having responsibility for providing and maintaining the physical facility and funding its operations and the sheriff having authority over the deputies and jailers, as well as over the inmates. See Marsh v. Butler County, 268 F.3d 1014 (11th Cir. 2001)(*en banc*); Taylor v. Adams, 221 F.3d 1254, 1256 (11th Cir. 2000), *cert denied*, 531 U.S. 1077 (2001)("In their official capacity, ... Alabama sheriffs operating jails are state officers protected by Eleventh Amendment immunity. Thus, we affirm summary judgment for the Sheriff of Mobile County on Eleventh Amendment-immunity grounds.")(internal citation omitted); Turquitt v. Jefferson County, Alabama, 137 F.3d 1285 (11th Cir.), *cert. denied* 525 U.S. 874 (1998); see also Ala. Code, §§ 11-14-10, 11-14-13 through 11-14-15, 11-14-19 through 11-14-22, and 14-6-1. Plaintiff's claim implicates aspects of detention facility operation that fall within the responsibility of the latter. However, plaintiff's complaint is devoid of allegations of fact that would support an individual capacity claim against the sheriff.[2] To the extent that his claim against the "Montgomery County Detention Facility" is construed as an official-

---

[2] "'[L]iability under 42 U.S.C. § 1983 may not be based on the doctrine of *respondeat superior*.'" Craig v. Floyd County, Georgia, 643 F.3d 1306, 1310 (11th Cir. 2011)(quoting Grech v. Clayton County, 335 F.3d 1326, 1329 (11th Cir. 2003)(*en banc*); see also Monell v. Dept. of Social Services of N.Y.C., 436 U.S. 658 (1978).

capacity claim against the sheriff, it is barred by the Eleventh Amendment. Marsh, 268 F.3d at 1028 ("Alabama sheriffs are considered arms of the state and protected by sovereign immunity in suits against them in their official capacity. The complaint against the Sheriff in her official capacity was thus properly dismissed."); Turquitt, 137 F.3d at 1288 ("[A]n Alabama sheriff acts exclusively for the state ... in operating a county jail."); see also Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003)(*en banc*), *cert. denied*, 540 U.S. 1107 (2004)(applying Georgia law and concluding that Eleventh Amendment barred claims against sheriff in his official capacity alleging injury arising from excessive force at jail).

Additionally, "[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. In Alabama ... that limitations period is two years." Powell v. Thomas, 643 F.3d 1300 (11th Cir. 2011)(citations and internal quotation marks omitted), *cert. denied* 131 S.Ct. 3018 (2011); Ala. Code § 6-2-338(l)(Alabama's two-year statute of limitations for personal injury actions). The only incidents of rape that plaintiff describes with any level of factual detail occurred before May 2004, during his first period of detention at the Montgomery County jail (see Doc. # 7, p. 2). The statute of limitations expired as to plaintiff's § 1983 constitutional claims[3] arising from these alleged incidents no later than

---

[3] By directing plaintiff to specify, in his amendment, whether – at the time of each incident giving rise to his claims – he was being detained pursuant to a criminal sentence, the court sought to clarify whether the Eighth Amendment or only the Fourteenth Amendment provided the constitutional basis for his claim. Despite plaintiff's amendment, it remains unclear whether plaintiff was a pretrial detainee or serving a sentence to confinement during most of the several years alleged as the time of the challenged acts. Plaintiff alleges that he was in and out of jail during the relevant

May 2006, nearly six years before plaintiff filed the present complaint. To the extent that plaintiff's claims arise from any alleged instance of rape that occurred on or before January 31, 2010, the claims are barred by the two-year statute of limitations for § 1983 claims brought in Alabama.

Expiration of the statute of limitations justifies dismissal of a plaintiff's claims pursuant to § 1915. Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003)(appropriate to dismiss complaint prior to service of process as time-barred where no basis for tolling is identified by plaintiff or discernable from the record);[4] Pino v. Ryan, 49 F.3d 51 (2nd Cir. 1995). This is true despite the fact that the statute of limitations is an affirmative defense which may be waived. Clark v. State of Georgia Pardons and Paroles Board, 915 F.2d 636, 640-41 (11th Cir. 1990); Pino, *supra*; see also Day v. E.I. DuPont de Nemours and Company, 1998 WL 669939 (6th Cir. 1998)(unpublished disposition)("Where a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)(B).")(citation omitted); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995), *cert. denied*, 516 U.S. 1177, *reh'g. denied*, 517 U.S. 1163 (1996); Moore v. McDonald, 30 F.3d 616 (5th Cir. 1994); Johnson v. Rodriguez, 943 F.2d 104 (1st Cir. 1991), *cert. denied*,

---

period; it is possible that he was a pretrial detainee during some periods and serving a sentence during others.

[4] Imprisonment has not been a "disability" for purposes of tolling the applicable Alabama statute of limitations since 1996. See Ala. Code, § 6-2-8; 1996 Alabama Laws Act 96-641.

502 U.S. 1063 (1992).[5]

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's claims be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as they are barred by the Eleventh Amendment and, as to claims arising on or before January 31, 2010, by the statute of limitations.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before March 26, 2012. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

---

[5] Plaintiff has not complied with the court's express direction to include in his amended complaint "the specific date(s) on which the event(s) [giving rise to his claims] occurred, *or the approximate dates (including month and year), if plaintiff does not know the precise dates*" (Doc. # 6, p. 2)(emphasis added). Thus, it is not apparent from the complaint whether any instance of rape is alleged to have occurred after January 31, 2010. Even if so, however, plaintiff's claims remain barred by the Eleventh Amendment. Additionally, because of his failure to comply with the court's direction, there is no way to determine – even approximately – when plaintiff was incarcerated at the Montgomery County Detention Facility. Thus, the court has no basis for reconsidering its previous denial of his request for discovery which – as it sought all surveillance videos for the location where plaintiff was "housed" for a period that extended over more than six years – was overly broad. Additionally, the specific discovery plaintiff sought in his motion (Doc. # 5) – regardless of what it revealed – would have no bearing on the dispositive issue of Eleventh Amendment immunity.

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  <u>Resolution Trust Co. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 12th day of March, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE