IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONIO TATUM, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CASE NO. 2:12-cv-95-MEF |
| MONTGOMERY COUNTY DETENTION FACILITY, | ) ) ) ) |
| Defendant. | ) |

**<u>ORDER</u>**

On March 12, 2012, the Magistrate Judge filed a Recommendation (Doc. # 8) that Plaintiff's claims be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as either barred by the statute of limitations or barred by the Eleventh Amendment. Plaintiff has not filed any objection to the Recommendation, but has filed a Motion to Amend (Doc. # 9) within the time to file objections. For the reasons that follow, the Recommendation is due to be **ADOPTED IN PART** and the Motion to Amend **GRANTED IN PART**.

First, the Magistrate Judge correctly found that many of the alleged violations are barred by the two year statute of limitations for § 1983 actions in Alabama. Accordingly, all claims based on conduct prior to January 31, 2010 are due to be dismissed, and the Recommendation will be adopted on this ground.

Second, the Magistrate Judge correctly found that the Montgomery County Sheriff, as a state official when operating the County detention facility, is entitled to Eleventh Amendment immunity for claims asserted against him for damages in his official capacity. *Parker v. Williams*, 862 F.2d 1471, 1475-76 (11th Cir. 1989). In addition, the Sheriff (when

sued for damages in his official capacity) is not a "person" for purposes of § 1983 relief. *Will v. Mich. Dep't of State*, 491 U.S. 58 (1989).

However, this Court reads Tatum's Amended Complaint as requesting prospective relief in addition to monetary relief. The Amended Complaint seeks both "[j]ustice *and* compensation." (Am. Compl. ¶ 6 (Doc. # 7) (emphasis added).) Construing Tatum's *pro se* pleadings liberally, the Court reads Tatum's request for "justice" as encompassing a request for prospective non-monetary relief in the form of an injunction. Tatum alleges that he continues to be drugged and raped by correctional officers at the Montgomery County Detention Facility. Accordingly, and to the extent that Tatum's claims are factually plausible, he may assert claims against the Sheriff in the Sheriff's official capacity for prospective non-monetary relief.

Furthermore, and to the extent that his claims are factually plausible, Tatum may sue under § 1983 the individual correctional officers who Tatum alleges raped and continue to rape him. However, any such claim must be supported by specific factual allegations, and the conduct in question must have occurred on or after January 31, 2010.

Finally, Tatum's motion to amend (Doc. # 9), as drafted, is due to be denied for futility. Plaintiff seeks leave to amend his complaint to add claims against "Alabama Department of Corrections: Kilby, Draper, Bullock County, Easterling and Montgomery City Jail." (Id.) Plaintiff's claims against the state facilities are barred by the Eleventh Amendment. As to the additional defendants, the statute of limitations bars a claim arising from any incident that occurred on or before January 31, 2010, assuming that the amendments would relate back to the original complaint. While the city jail is not entitled

2

to Eleventh Amendment immunity, Tatum has failed to plead sufficient factual content "'to raise a right to relief above the speculative level'" and to allow the court to draw the reasonable inference that the city jail is liable for the alleged misconduct. *Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted). Plaintiff's allegations of fact in his proposed second amended complaint are limited to one word: "rape." (Doc. # 9.) The claims presented in plaintiff's second amended complaint would, accordingly, be subject to dismissal for failure to state a claim. "A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (citation omitted).

Accordingly, it is ORDERED:

1. The Recommendation of the Magistrate Judge (Doc. # 8) is ADOPTED in part;

2. Plaintiff's claims regarding conduct that occurred prior to January 31, 2010, are barred by the statute of limitations and DISMISSED prior to service of process pursuant to 28 U.S.C. § 1919(e)(2)(B)(ii);

3. Plaintiff's individual-capacity claims against the Sheriff are DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii);

4. Plaintiff's Motion to Amend (Doc. # 9) is GRANTED in part;

5. Plaintiff may file a Second Amended Complaint asserting the following claims only: (1) against the Sheriff in his official capacity for prospective relief; and (2) against any individual correctional officers in both their official and

3

individual capacities.  Plaintiff is reminded that he must support any such claims with *plausible* allegations of fact.  Failure to file a Second Amended Complaint **on or before June 1, 2012**, will result in dismissal of the action; and,

6. The case is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 6th day of April, 2012.

          /s/ Mark E. Fuller
    UNITED STATES DISTRICT JUDGE