IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANTONIO TATUM,                          )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )        CIVIL ACTION NO. 2:12CV95-MEF
                                        )
MONTGOMERY COUNTY                       )
DETENTION FACILITY,                     )
                                        )
            Defendant.                  )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

By order entered on April 6, 2012, the District Judge allowed plaintiff to file a second

amended complaint "asserting the following claims only: (1) against the Sheriff in his official

capacity for prospective relief; and (2) against any individual correctional officers in both

their official and individual capacities." (Doc. #10). In the style of the second amended

complaint filed on May 21, 2012 (Doc. # 11), plaintiff continues to identify the Montgomery

County Detention Facility as the sole defendant.  However, within the body of the second

amended complaint, he names "D.T. Marshall," the Montgomery County Sheriff, as the

defendant.[1] (Id., ¶ 2). Plaintiff alleges that his civil rights were violated in 2012 at

"Montgomery Country [sic] Detention facility" and the "Alabama Department of

Corrections: Kilby, Draper, Bullock County, Easterling." (Id., ¶¶ 3-4). He alleges the

---

[1]  The court takes judicial notice of the fact that D.T. Marshall is the Sheriff of Montgomery
County, Alabama. See Alabama Criminal Justice Information Center's Law Enforcement Directory,
http://www.acjic.alabama.gov/documents/lawdirectory.pdf (rev. April 2012)(accessed May 22,
2012).

following facts in support of his claim:

> I am a victim of <u>Fraud</u>: They I was violate to the point They had some type of computer controlling Device imsurigically place in my head (on my brain) to controll me and I was raped in all this process[.]

(<u>Id.</u>, ¶ 5)(errors in original).

Plaintiff seeks no relief other than punitive damages.  (<u>Id.</u>, ¶ 6).  As the undersigned noted in the previous recommendation entered in this case, plaintiff's claim for damages against the sheriff – the legal entity responsible for supervising deputies, jailers and inmates – is barred by the Eleventh Amendment. (<u>See</u> Doc. # 8, pp. 3-5 and cases cited therein).[2] Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[3,4]

---

[2]  Nothing in the second amended complaint suggests that D.T. Marshall had any personal involvement in implanting the controlling device on plaintiff's brain, or that Marshall was even aware of the alleged surgical implantation. Thus, plaintiff has alleged no facts in support of an individual-capacity claim against the sheriff. In any event, the District Judge's order allowing amendment permitted the plaintiff to sue the sheriff only in his official capacity and only for "prospective relief[.]" (<u>See</u> Doc. # 10, p. 3).

[3]  The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

[4]  Contemporaneously with his second amended complaint, plaintiff filed a notice of appeal, appealing either the recommendation of the undersigned Magistrate Judge entered on March 12, 2012, or the order of the District Judge on April 6, 2012.  (<u>See</u> Doc. # 12)(appearing to appeal the "recommendation" of "Susan Walker pursuant to 28 U.S.C. § 1915(e)(2)(B)" but entering the date of the District Judge's order on the recommendation). Plaintiff's premature appeal of either the recommendation or the District Judge's April 6, 2012, order does not deprive the undersigned of jurisdiction to enter a recommendation regarding disposition of plaintiff's second amended complaint. <u>See</u> 28 U.S.C. § 1292; <u>Mohawk Industries, Inc. v. Carpenter</u>, 130 S.Ct. 599, 604-05 (2009)(describing jurisdiction of Courts of Appeals and the collateral order exception); <u>U.S. v. Riolo</u>, 398 Fed. Appx. 568, 571 (11th Cir. 2010)(unpublished opinion)("Generally, the filing of a notice of appeal deprives a district court of jurisdiction over all of the issues involved in the appeal.  Nevertheless, a notice of appeal filed with respect to a non-appealable order does not have any effect on the district court's jurisdiction.")(citations omitted); <u>U.S. v. Kapelushnik</u>, 306 F.3d 1090, 1094 (11th Cir.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before June 7, 2012. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 24th day of May, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

2002)("Our precedent holds that a premature notice of appeal does not divest the district court of jurisdiction over the case.")(citations omitted); Valencia v. Department of Interior, Washington, DC, 2008 WL 4495694 (M.D. Ala. Oct. 7, 2008)(unpublished opinion)("Because a Magistrate Judge's recommendation is not an appealable order under § 1292, this court may rule on the recommendation despite the notice of appeal.").