IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONIO TATUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:12cv95-MEF |
| | ) |
| MONTGOMERY COUNTY | ) |
| DETENTION FACILITY, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On May 24, 2012, the Magistrate Judge filed a Recommendation in this case to which no timely objections have been filed. (Doc. # 13). Upon an independent review of the file in this case and upon consideration of the Recommendation of the Magistrate Judge, it is

ORDERED and ADJUDGED that the Recommendation of the Magistrate Judge be and is hereby ADOPTED and that this action is DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1,2]

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[2] Contemporaneously with his second amended complaint, plaintiff filed a notice of appeal, appealing either the recommendation of the undersigned Magistrate Judge entered on March 12, 2012, or the order of the District Judge on April 6, 2012. (See Doc. # 12)(appearing to appeal the "recommendation" of "Susan Walker pursuant to 28 U.S.C. § 1915(e)(2)(B)" but entering the date of the District Judge's order on the recommendation). Plaintiff's premature appeal of either the recommendation or the District Judge's April 6, 2012, order does not deprive the undersigned of jurisdiction to enter a recommendation regarding disposition of plaintiff's second amended complaint. See 28 U.S.C. § 1292; Mohawk Industries, Inc. v. Carpenter, 130 S.Ct. 599, 604-05 (2009)(describing jurisdiction of Courts of Appeals and the collateral order exception); U.S. v. Riolo, 398 Fed. Appx. 568, 571 (11th Cir. 2010)(unpublished opinion)("Generally, the


Done this the 25th day of June, 2012.

    /s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE

---

filing of a notice of appeal deprives a district court of jurisdiction over all of the issues involved in the appeal. Nevertheless, a notice of appeal filed with respect to a non-appealable order does not have any effect on the district court's jurisdiction.")(citations omitted); U.S. v. Kapelushnik, 306 F.3d 1090, 1094 (11th Cir. 2002)("Our precedent holds that a premature notice of appeal does not divest the district court of jurisdiction over the case.")(citations omitted); Valencia v. Department of Interior, Washington, DC, 2008 WL 4495694 (M.D. Ala. Oct. 7, 2008)(unpublished opinion)("Because a Magistrate Judge's recommendation is not an appealable order under § 1292, this court may rule on the recommendation despite the notice of appeal.").

Done this the 25th day of June, 2012.

    /s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE

---

filing of a notice of appeal deprives a district court of jurisdiction over all of the issues involved in the appeal. Nevertheless, a notice of appeal filed with respect to a non-appealable order does not have any effect on the district court's jurisdiction.")(citations omitted); U.S. v. Kapelushnik, 306 F.3d 1090, 1094 (11th Cir. 2002)("Our precedent holds that a premature notice of appeal does not divest the district court of jurisdiction over the case.")(citations omitted); Valencia v. Department of Interior, Washington, DC, 2008 WL 4495694 (M.D. Ala. Oct. 7, 2008)(unpublished opinion)("Because a Magistrate Judge's recommendation is not an appealable order under § 1292, this court may rule on the recommendation despite the notice of appeal.").